1834.

Leitch
v.
Cumpston.

## LEITCH vs. CUMPSTON.

An order or decree by consent cannot be modified or varied in an essential part, without the assent of both parties to the same.

Although an order or decree has been entered by consent, the court, upon the application of either party, may give such further directions as shall become necessary for the purpose of carrying such order or decree into effect, according to its spirit and intent.

July 15.

THE bill in this case was filed by G. F. Leitch, the sole next of kin of G. Leitch, deceased, for an account of the administration of the estate of the decedent. After a replication had been filed to the answer of the defendant, stipulations were entered into by the parties, as to the admission of certain facts upon the hearing, and on the reference. An order by consent was then entered, referring it to a master to take and state an account of the estate of the decedent which had come to the hands of the defendant as administrator, and of the administration thereof; and that in taking the account, the master should consider the answer of the defendant, and the schedules or accounts annexed thereto, as correct, except so far as the answer, and the accounts annexed, might be affected by any proofs which had been taken in the cause, or by any stipulation of the parties, their solicitors or agents. The master was also directed to allow the defendant for all monies paid to the complainant, or to his guardian, since the com-

mencement of this suit ; and to allow interest on the several items of the account, according to the principles and practice of the court of chancery. Upon the schedules or accounts which were annexed to the answer, the defendant had credited himself with certain amounts, as of a particular date, for bonds and mortgages, judgments, and other securities transferred to the complainant's guardian. And upon the taking of the account before the master, the defendant offered evidence to prove that there was due upon the securities thus transferred, for the interest which had accrued at the date of the transfer, a large amount which was not specified in the account or schedule annexed to the answer. The master rejected the evidence thus offered, considering himself precluded by the decretal order, from looking beyond the answer itself. The defendant thereupon applied to the complainant to consent to correct the alleged error in the schedule, or to permit the master to take evidence respecting the same. The complainant, however, refused to give such consent, except upon terms which were not acceded to by the defendant. The latter thereupon gave notice of an application to the court for an order directing the master to receive such testimony. The counsel for the complainant, in opposition to the motion, read an affidavit of the complainant, showing that since the entry of the order by consent, he had discovered several mistakes in favor of the defendant, in the accounts or schedules annexed to the answer ; and that he had offered the adverse party to consent to the introduction of testimony as to any mistake in relation to the amount due on the securities transferred to his guardian ; provided the defendant would also consent to the introduction of testimony as to the alleged mistakes against the complainant, contained in the same accounts, or schedules, and which were specified in the complainant's affidavits.

*P. Bronson,* for the complainant.

*J. C. Spencer* for the defendant.

1834.

Leitch
v.
Cumpston.

THE CHANCELLOR. If the true construction of the sched-ules, when taken in connection with the answer itself, is as contended for by the defendant's counsel, it is not necessary to introduce any evidence before the master, as the defendant has a perfect remedy by excepting to the master's report. Or the defendant may have the interest computed upon the several securities, from their dates under the special provision contained in the order of reference, that the master shall calculate the interest and state the accounts in any form and upon any principles that either party shall request. I apprehend, however, that thhe only fair construction which can be given to the schedules, when taken in connection with the body of the answer, is that which has been given to them by the master. Even if it could be fairly inferred that the securities received were on interest from their several dates, and that such interest was not included in the amount stated in the schedule, there is nothing in the answer to show that the guardian agreed to receive those securities, for the full amount due thereon, without any deductions for the risk and expense of collection. And if the receipts of the guardian were referred to, they would throw no further light on that question; except that it would appear from such receipts that, as to those securities, turned out by the defendant, which did not belong to the estate of the decedent at the time of his death, the defendant was only entitled to the net proceeds thereof, after deducting the necessary expenses of collection.

In the case of *The Washington Insurance Company* v. *Slee and others*, which was before this court in March, 1832, and again in January last, it was decided that an answer by consent could not be modified or varied, in an essential part, without the assent of both parties to such order; although the court might give such further directions as were necessary to carry such order into effect, according to its spirit and intent. From the affidavits on the part of the defendant, it is higly probable that he is entitled to interest on some of the securities turned out to the guardian, to be computed from the dates of such securities respectively. But it also appears, by the af-

fidavits in opposition to this application, that the defendant has made other mistakes in his answer, which mistakes are to the prejudice of the adverse party. And the complainant's counsel now consents that the order of reference may be varied, so as to permit the defendant to introduce evidence as to the actual amount due upon the securities turned out to the guardian, provided the defendant 'will consent that it be still further modified so as to permit the complainant also to introduce evidence, to show the other mistakes which have occurred in the answer. This is perfectly equitable and just; and the complainant's counsel could not, consistently with his duty to his client, consent to the modification of the original order of reference on any other terms.

The application on the part of the defendant must therefore be denied, with costs ; unless his solicitor, within ten days after notice of this decision, delivers to the complainant a written consent, that the master may take testimony, and correct his report if necessary, as to the items of account specified in the affidavits which have been read in opposition to this motion. If such consent is given, the order of reference is to be varied accordingly ; so as to authorize the taking of testimony as to the alleged mistakes on both sides. And in that event neither party is to have costs, as against the other, on this application.