HEARD APRIL TERM, 1876.

## JONES & PARKER *vs.* WEBB.

In an action for settlement of the business of a copartnership, its creditors were called in and required to present and prove their claims before a Referee. Some of the claims presented and proved were not due ; but, by consent of all the parties to the action, a judgment was rendered upon the report of the Referee as well for the claims not then due as for those that had become due before the action was commenced: *Held,* That this was not such an irregularity as authorized the Circuit Court, on the motion of the defendant, to set aside the judgment so far as it related to the claims not due when it was rendered.

A judgment by consent of parties is in the nature of a contract between them, and cannot be set aside, where fraud or mistake is not alleged, merely because of some irregularity of procedure.

BEFORE MOSES, J., AT NEWBERRY, MARCH, 1875.

The case is as follows:

The plaintiffs, Lambert J. Jones and William C. Parker, and the defendant, William H. Webb, were partners in business at Newberry, under the partnership name of Webb, Jones & Parker. In February, 1874, Jones and Parker commenced this action against Webb, alleging that the defendant had improperly applied partnership funds to his own use, and other irregularities, and praying that the partnership be dissolved; that a receiver of its assets be ap-

pointed; that creditors be enjoined from suing at law, and that they be required to present and prove their claims before a Referee. On the 16th day of February, 1874, His Honor the Judge of the Circuit made an order dissolving the partnership, with the consent of the defendant, and, upon motion of plaintiffs' attorney, passed a further order appointing receivers of the partnership effects, enjoining the creditors from suing at law, and requiring them to prove their claims before the Clerk of the Court. On the 12th day of May, 1874, the Clerk made his report on the claims that had been presented and proved before him. Amongst the claims so reported upon was one in favor of Inmann, Swann & Co., upon three promissory notes, for $3,000 each, dated February 2, 1874, and payable one on the 15th day of October, 1874, one on the 15th day of November, 1874, ond one on the 15th day of December, 1874. Other claims, which were not due when the report was made, were reported upon as presented and proved.

Many other claims then due were also reported upon as proved.

Upon the claims not due the Clerk allowed the usual rebate of interest.

On the 12th day of May, 1874, the Circuit Judge made an order at Chambers, with the consent, in writing, of the attorneys of the plaintiffs and the defendant, confirming the report of the Clerk and making it the judgment of the Court.

The order gave the parties whose claims were proved the right to issue executions, but provided that the claims not then due should not be enforced by execution until they became due.

In July, 1874, the defendant, Webb, moved the Circuit Court to set aside, as to him, the judgments of the 12th of May, 1874. The motion was dismissed, so far as it related to claims that had matured when the judgment of May 12, 1874, was rendered, and was granted so far as it related to claims not then matured.

Inmann, Swann & Co., and other creditors of Webb, Jones & Parker, (holders of claims which had not matured when the judgment of May 12, 1874, was rendered,) appealed from so much of the last mentioned order as vacated the judgment of May 12, 1874, upon their claims.

*Suber,* for appellant, cited Story Eq. Pl., § 99; *Whittimore* vs. *Oxborough,* 2 Y. & C., 17; 3 Waite's Pr., 344; *Hutchison* vs. *Bates,* 1 Bail., 111; 3 Waite's Pr., 615; *Montgomery* vs. *Ellis,* 6

How. Pr. R., 326; Code, § 197; 2 Dan. Ch. Pl. and Pr., 1179; *Atkinson* vs. *Marks*, 1 Cow., 693; *Harrison* vs. *Rumsey*, 2 Ves., Sr., 488; *Jarvis* vs. *Halner*, 1 Barb. Ch., 379; *Cosgrove* vs. *Butler*, 1 S. C., 241; *Ex parte Monteith*, 1 S. C., 231; and other authorities.

*Youmans*, contra, cited *Barnes* vs. *Branch*, 3 McC., 19; *Haigler* vs. *Way*, 2 Rich., 324; *Thew* vs. *Porcelain Company*, 5 S. C., 415; *Wainthrop* vs. *Law*, 3 DeS., 323; *Barnes* vs. *Milne*, Rich. Eq. Cases, 459; *Cohen* vs. *DuBose*, Harper Eq., 102; *Wiseman* vs. *Finley & Hunter*, 14 Rich. Eq., 172; *Allen* vs. *Richardson*, 9 Rich. Eq., 56; Adams' Eq., 220; 1 Chit. Pl., 453; *Walker & Bradford* vs. *Roberts*, 4 Rich., 567; 2 Waite's Pr., 133; *Josey* vs. *Dickson & Tindall*, 12 Rich., 378; and other authorities.

October 31, 1876. The opinion of the Court was delivered by

Moses, C. J. Notwithstanding the extended brief and the many principles which the counsel thought it necessary to invoke in their respective arguments, there is but a single proposition presented for our determination, and that involves neither doubt nor difficulty. It questions the right of the Circuit Judge, by his order filed on the 29th March, 1875, to set aside that portion of his order of 12th May, 1874, in regard to the demands held by creditors of Webb, Jones & Parker not at the time matured.

The order so changed or modified was by consent of the parties interested. They were unaffected by any disabilities which rendered them incompetent to consent. It awarded judgment and execution and was final in its character. The motion by Webb, one of the copartners, after the dissolution of the firm, to set aside as to him the judgment in favor of the creditors of the copartnership established by the order of 12th May, 1874, had reference to all the judgments which it embraced, excepting none, and the other copartners, Jones and Parker, who now here contest the motion of the appellants, did not unite with Webb in his application to the Court below. Some new view of their interest has induced them to resist a motion which seeks to set aside an order materially affecting one taken on a complaint brought by them and passed on the motion of their own solicitor.

The Circuit Judge does not rest his decision on the ground of "inadvertence, mistake or excusable neglect," as the counsel here do. He vacated the judgment because the demands on which they

were founded were not due at the time he made the order. But the plaintiffs, in whose favor the judgment was rendered, were properly in Court. They were called in as creditors, and the fund in the hands of the Court could not have been distributed without provision for the equitable proportion to which they were entitled. If a party sues on a note not due and the defendant does not interpose and present the objection in proper form, but either consents to a judgment or submits some other ground of defense, and a judgment follows, can he afterwards on motion set it aside on the ground either of "inadvertence, mistake or excusable neglect?"

Where the estate of a deceased is either involved or insolvent, and administration of it through the Courts becomes necessary, all creditors, whether holding debts due or payable at a future day, are required to establish them, that provision may be made for the proportion of payment to which they may be entitled out of the assets to be so applied. We do not see why the same rule should not hold as to partnership property where the Court takes charge of it for final settlement and enjoins all other Courts from interfering with it. Here the unmatured debts were estimated as of a date to which the other debts were referred and a proper rebate of interest was allowed upon them.

Was the Court authorized to set aside a portion of the order made on the presentment of the report of the Referee, with the consent of all of the parties, leaving the rest of it with the full force which it acquired when originally passed? If he was, then the order no longer remained one of consent, but one entirely of his own notion, for no such modification was asked for by Webb or either of the other partners, or any creditor, and was without notice, too, to the parties affected by it.

When the report of the Referee was submitted, no creditor whose claim was embraced in it had acquired any lien on the property held by the firm or any member of it. The order gave a decree against each one of the firm on every claim reported, with leave to its holder to issue execution. It was made by consent, for its benefit was to be enjoyed by all the creditors. When it is sought so to amend it as to exclude a portion of those without whose consent it could not have been had, may they not with right and propriety say: "Our consent was in consideration of the benefit we secured by the order, and to vacate so much of it as is in our favor and continue it in favor of others who are thereby to gain an advan-

tage at our expense is a violation of the obligation through which they secured our assent"?

In the case before us the change in the order was not asked for by any party in interest. "A consent order is the mere agreement of the parties under the sanction of the Court, and is to be interpreted as an agreement."—*Allen* vs. *Richardson*, 9 Rich. Eq., 56. If so, how can it be set aside in part, so that while the one retains the benefit he expected to receive under it, he may absolve himself from the duty which devolved upon him in regard to the other?

It may be that where a mere administrative order is derived from consent, it may be modified or reformed by the Court on the ground of mistake. Where, however, a decree or judgment is founded on the consent of parties, it is binding and conclusive; and, while it may be assailed for fraud, cannot be attacked by the parties to it either directly or collaterally. In 2 Daniel Ch. Prac., 617, it is said "that a decree or order made by consent of the counsel for the parties cannot be set aside either by rehearing or appeal, or by a bill of review, unless by clerical misprision anything has been inserted in the order." In *Harrison* vs. *Rumsey*, (2 Ves. Sr., 488,) Lord Chancellor Hardwicke said he "would by no means set aside a decree obtained by consent of counsel on both sides, for it would be most dangerous." In *French* vs. *Shotwell*, (5 Johns. Ch., 564,) Chancellor Kent said: "The same rule was admitted by Lord Hardwicke, in *Bradish* vs. *Gee*, (Ambler, 229,) and there can be no doubt of the settled doctrine that a. decree by consent is binding, unless procured by fraud." In *Atkinson* vs. *Monks*, (1 Cowen, 709,) it is said by Judge Sutherland: "No appeal or rehearing lies from a decree made by consent." In *Leitch* vs. *Compton*, (4 Paige, 476,) Chancellor Walworth says: "It had been decided in the case of *The Washington Insurance Company* vs. *Shee*, which was before the Court in March, 1832, that an answer by consent could not be modified or varied in an essential part without the assent of both parties to such order." If, therefore, a Court of equity will not set aside a decree or judgment taken by consent, so that the parties would be remitted to the positions they occupied before it was taken, what answer could it make to an application to avoid only so much of it as requires a duty to be performed by the one now seeking to avoid it, while the obligation on the others is to remain in full force and vigor?

In our view of what was said in the argument, and is referred to in the petition of J. B. Jones, L. W. White, W. C. Bee & Co., the Court feels it a duty to Mr. Suber, the attorney and counsel for the appellants, Inman, Swann & Co., to say that it perceives nothing in regard to his course in the case inconsistent with a high and honorable discharge of the duty which he owed to his clients.

The motion is granted, and the order referred to in the record, dated May 12, 1874, will stand as originally passed by the Circuit Judge. The costs of the appellant on his appeal must be paid out of the fund in the hands of the Receiver.

*Wright*, A. J., and *Willard*, A. J., concurred.

———————————

HEARD APRIL TERM, 1875.