## ISAAC P. HAZARD *et al. vs.* HENRY A. HIDDEN.

After an answer had been filed to a bill in equity the cause was by a decree entered by the consent of the parties, and containing a statement that it was so entered, referred to a master to take an account. Pending the hearing before the master the complainant asked the court for leave to amend the bill making a substantially different case. The respondent objected.

*Held,* that leave to amend could not be granted.

BILL IN EQUITY for an account. On motion to amend the bill of complaint.

*January* 26, 1884. PER CURIAM. This is a suit in equity, brought by the complainants as creditors of the late firm of Samuel Rodman & Sons against the defendant, as assignee under an assignment of Samuel Rodman & Sons for the benefit of their creditors, for an account. The bill was answered by the defendant, and subsequently the case was referred to a master to take the account under a decree entered by consent, and stated to be so entered in the decree itself. The master has gone on under the decree and taken testimony, and now, while the cause is still pending before him, the complainants move for leave to amend the bill by adding allegations which, on the supposition that they show grounds for equitable relief, will if allowed make a substantially different case. The defendant opposes the motion. We do not think it can be granted while the case is in its present posture.

If the amendment were allowed and the defendant were to submit to it, without defending against it by plea, answer, or demurrer, and the bill as amended were to stand for further hearing before the master, then the result would be this, that the master would go on taking the account under a decree by *consent* in a case which was never referred to him by consent, and the record would belie itself. An amendment of the bill, by new and substantial allegations, without the defendant's consent, makes the decree a decree *in invitum* just as effectually as if the decree itself was amended without his consent; and it is well settled that a consent decree cannot be materially altered without the consent of both parties to it. *Edney* v. *Edney,* 81 N. Car. 1; *Leitch* v. *Cumpston,* 4 Paige, 476; *Rose* v. *Brown,* 17 W. Va. 649; *Manion* v. *Fahy,* 11 W. Va. 482, 497. The fact that the master cannot go

on under the decree and consider the matters proposed to be introduced by the amendment shows conclusively that the alteration of the bill will be in legal effect an alteration of the decree.

Undoubtedly, however, the defendant would not submit to the amendment without a plea, answer, or demurrer. An amendment, however trivial, and *a fortiori* such an amendment as is here proposed, authorizes the defendant to put in an answer making an entirely new defence contradicting his former answer. 1 Daniell Chanc. Pract. *409. If the amendment were allowed, with the case still before the master, and the amended bill were answered raising new issues of fact and law, as without doubt it would be, we should have the cause split in twain and proceeding in sections at once before the master and before the court. Manifestly this would be entirely contrary to the course of equity.

*Motion dismissed.*

*John F. Lonsdale & Charles Bradley*, for complainants.

*John Eddy & William W. Douglass*, for respondent.