19050

Ex parte SOUTH CAROLINA STATE HIGHWAY DEPARTMENT, Petitioner-Appellant, In re South Carolina State Highway Department, Condemnor, v. McKEOWN FOOD STORE NO. 9 *ET AL.*, Condemnee-Respondent, and all other condemnation appeals now pending in the Court of Common Pleas for the Fifth Judicial Circuit between the Petitioner-Condemnor and various Condemnees.

(174 S. E. (2d) 342)

*Messrs. Daniel R. McLeod, Attorney General,* and *C. Pinckney Roberts, Assistant Attorney General,* and *William F. Austin,* of Columbia, *for Appellant,*

*Owens T. Cobb, Jr., Esq.,* of Columbia, *for Respondents,*

May 11, 1970.

LEWIS, Justice.

Under a general order filed by The Honorable E. Harry Agnew, certain pretrial procedures were established to be followed in all cases set for trial before him while presiding in the Fifth Judicial Circuit from January 1st through April 1970. The effect of the order was to require counsel in each case set for trial to arrange a pretrial conference at which, among other requirements, certain information would be exchanged so as to expedite the trial and exhaust the possibilities of settlement. Pertinent here, the order provided that, at such pretrial conference, counsel shall "(6) in condemnation proceedings, exchange the valuation figures of expert witnesses and the comparable valuation data relied upon by said expert witnesses."

The present case involved the condemnation by the South Carolina State Highway Department of lands of respondent, McKeown Food Stores No. 9, and was set for trial during the period covered by the foregoing order. The Highway Department objected to the exchange of valuation information derived from the expert witnesses and moved before Judge Agnew to have the applicable provision of his order rescinded. The motion was refused on January 14, 1970 and notice of intention to appeal from that ruling was timely served by the Highway Department.

After the notice of intention to appeal was served, the appellant, reserving its objections, exchanged with the respondent the valuation information as required by Judge Agnew's order. The case was subsequently called for trial on January

28, 1970. After all of the evidence was presented, the case was settled by the parties.

Following the settlement of the case, this appeal was perfected from the order issued by Judge Agnew on January 14, 1970. The Highway Department alleges that the order, from which the appeal is taken, affects in the same manner every Highway Department condemnation case placed, or to be placed, on the trial roster in the Fifth Judicial Circuit from January through April 1970; and the Department attempts in this appeal, with respondent as representative of the class of condemnees affected by such order, to have the order vacated as to all such pending matters.

The record shows that the present case has been settled. The settlement ended the litigation and rendered moot the issue which appellant now seeks to have the court decide. The question is accordingly not a proper subject of review. *Moore v. Hinson,* 107 S. C. 290, 92 S. E. 619; *Reedy River Power Co. v. City of Laurens,* 109 S. C. 210, 96 S. E. 116; *Berry v. Zahler,* 220 S. C. 86, 66 S. E. (2d) 459.

Additionally, appellant seeks to have the question determined because of its possible effect on other pending cases. However, the mere fact that the same question may arise in other cases does not preserve the issue for determination in this appeal. The settlement of this case simply left nothing for the court to consider.

The appeal is accordingly dismissed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.