1907

Letha M. JOHNSON, Appellant v. Emodene Davis JOHNSON and Ansel J. Johnson, of whom Ansel J. Johnson is also an Appellant, and Emodene Davis Johnson is Respondent.

(425 S.E. (2d) 46)

Court of Appeals

*H.F. Bell,* of Chesterfield, *for appellant.*

*Letha M. Johnson* and *Ansel J. Johnson, pro se.*

*Jack L. Nettles,* of Florence, *for respondent.*

Heard May 4, 1992.

Decided Nov. 30, 1992.

BELL, Judge:

This is an action for an accounting arising from the administration of a decedent's estate. Maxie Johnson died intestate in

March, 1982. His heirs at law were his widow, Letha M. Johnson, and his two sons, Malcolm K. Johnson and Ansel J. Johnson. Malcolm Johnson later died testate, leaving his widow, Emodene Davis Johnson, as the sole beneficiary under his will. In June, 1988, Letha Johnson commenced this action for an accounting against Emodene Johnson and Ansel Johnson. At the same time, Letha Johnson and Ansel Johnson brought an action against Emodene Johnson for partition of the real property in Maxie Johnson's estate. Both cases were settled by agreement of the parties. The terms of the settlements were confirmed by the circuit court and set forth in two consent orders entered on January 21, 1989.

The consent order in this case directed certain funds in the decedent's estate to be paid to Letha Johnson. By the order's express terms, once it was complied with, the case would be dismissed as to all parties with prejudice. The money was paid to Letha Johnson and nothing else remains to be done. Therefore, the judgment in this case has become final.

Emodene Johnson was not satisfied with the partition of real property made pursuant to the other order and appealed it to the Supreme Court. On motion of Letha Johnson and Ansel Johnson, the Supreme Court remanded the partition suit to the circuit court for further proceedings. At a hearing after remand, all parties consented to reopen the partition suit for a trial on the merits. At the same hearing, Emodene Johnson moved to set aside the consent order in this case on the ground that the two orders were part of one overall settlement, requiring the accounting suit to be reopened because the partition suit had been reopened. The circuit court granted the motion and set aside the consent order in this case. Letha Johnson and Ansel Johnson appeal. We affirm.

Ordinarily, where a judgment or order is entered by consent, it is binding and conclusive and cannot be attacked by the parties either by direct appeal or in a collateral proceeding. *Jones & Parker v. Webb*, 8 S.C. 202 (1876). However, a consent order is an agreement of the parties, under the sanction of the court, and is to be interpreted as an agreement. *Id.* It can be rescinded by mutual consent in a subsequent court action. *See In re Pendergrass' Will*, 251 N.C.

737, 112 S.E. (2d) 562 (1960); *State ex rel. North Carolina State Board of Registration for Professional Engineers & Land Surveyors v. Testing Laboratories, Inc.*, 52 N.C. App. 344, 278 S.E. (2d) 564 (1981). It cannot, however, be set aside in part so that one party is absolved from the duty imposed by it, while the same party retains the benefit it confers. *Jones & Parker v. Webb, supra.* Thus, in a case like this one, where the final order in one case is the basis for the final order in a related case, the court may, if justice requires it, relieve a party of the consent order in the related case if the other consent order has been vacated. Rule 60(b)(5), SCRCP.

Under the original settlement, Letha Johnson agreed to convey her interest in the real property in Maxie Johnson's estate to Emodene Johnson and Ansel Johnson in exchange for their agreement to pay her certain funds, also in the estate, in which they claimed an interest. They embodied their agreement in two consent orders entered by the same court at the same time in separate, but related, lawsuits involving the identical parties. Letha Johnson could not thereafter avoid her obligation to convey her interest in the real property under one consent order, while at the same time retaining her right under the other consent order to receive the funds in the estate. If the settlement agreement was to be set aside, it had to be set aside in its entirety, not in a manner that allowed one party to escape its burdens, but retain its benefits.

Accordingly, once Letha Johnson elected to vacate the order regarding the real property and to try the parties' respective rights to the realty on the merits, the court, as a matter of equity and justice, had authority under Rule 60(b)(5) SCRCP to relieve Emodene Johnson of the related order regarding the disputed funds in the estate. Both consent orders were part of a single settlement of the parties' disputed rights as the heirs of Maxie Johnson. The agreement to resolve each suit was the basis for the reciprocal agreement to resolve the other. Thus, Rule 60(b)(5) SCRCP provided a basis for relief.

Affirmed.

GARDNER and SHAW, JJ., concur.