**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Terry Maness, Michael Miller, Michael Davis and Rufus Belding, Plaintiffs,

Of Whom Rufus Belding is Appellant,

v.

South Carolina Department of Mental Health, Respondent.

Appellate Case No. 2008-104850

———————

Appeal From Richland County
G. Thomas Cooper, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2012-UP-483
Submitted April 2, 2012 – Filed August 8, 2012

———————

**DISMISSED**

———————

Rufus Belding, pro se, for Appellant.

Sheally Venus Poe, of Smith Poe, P.A., of Simpsonville, for Respondent.

———————

**PER CURIAM:** Rufus Belding filed suit against the South Carolina Department of Mental Health (Department) because the Department charged him for third-party medical care relating to his heart attack. Belding appeals the circuit court's grant of summary judgment to the Department, arguing the trial court erred in applying statutes from Title 44, Chapters 22 and 23, to him and in failing to require the Department to pay his third-party medical bills. We dismiss this appeal as moot pursuant to Rule 220(b), SCACR, and the following authorities: *Sloan v. Greenville Cnty.*, 380 S.C. 528, 535, 670 S.E.2d 663, 667 (Ct. App. 2009) ("An appellate court . . . will not adjudicate a matter when no actual controversy capable of specific relief exists. A case becomes moot when judgment, if rendered, will have no practical legal effect upon the existing controversy. Mootness also arises when some event occurs making it impossible for the reviewing court to grant effectual relief." (internal citations omitted)); *S.C. State Highway Dep't v. McKeown Food Store No. 9*, 254 S.C. 180, 183, 174 S.E.2d 342, 343 (1970) (holding a voluntary settlement agreement renders an action moot).

**DISMISSED.**

**FEW, C.J., PIEPER, J., and CURETON, A.J., concur.**