**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Supreme Court

Eddie Williams, as Conservator for Catina W. Nelson, Respondent,

v.

Michael Lee Clemons, Petitioner.

Appellate Case No. 2011-202847

Junell W. Johnson, as Personal Representative of the Estate of Woodrow C. Nelson, Respondent,

v.

Michael Lee Clemons, Petitioner.

Appellate Case No. 2011-202866

———————

Appeal From Orangeburg County
Diane Schafer Goodstein, Circuit Court Judge

———————

Memorandum Opinion No. 2014-MO-002
Heard November 19, 2013 – Filed January 8, 2014

———————

**AFFIRMED**

———————

Stephen P. Groves, Sr., Bradish J. Waring, and Paul A.

Dominick, all of Nexsen Pruet, LLC, of Charleston, and James P. Walsh and Amy Miller Snyder, both of Clarkson, Walsh, Terrell, & Coulter, P.A., of Greenville, for Petitioner.

John S. Nichols, of Bluestein, Nichols, Thompson & Delgado, LLC, of Columbia, and H. Woodrow Gooding and Mark B. Tinsley, both of Gooding & Gooding, P.A., of Allendale, for Respondents.

---

**PER CURIAM:**  This Court granted certiorari to review the court of appeals' decisions dismissing Petitioner's appeals on the ground that consent judgments are not appealable.  Petitioner argues an acceptance of an offer of judgment does not prevent appellate review of that judgment or of intermediate orders underlying that judgment.  We disagree and affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities:  *Belton v. State*, 339 S.C. 71, 74 n.4, 529 S.E.2d 4, 5 n.4 (2000) (stating that "[a] case resolved by acceptance of an offer of judgment is considered 'settled'"); *Shelton v. Bressant*, 312 S.C. 183, 184, 439 S.E.2d 833, 834 (1993) (stating that absent fraud or mistake, where an attorney of record for a party agrees to settle a case, the party cannot later rescind the settlement); *S.C. State Highway Dep't v. McKeown Food Store No. 9*, 254 S.C. 180, 183, 174 S.E.2d 342, 343–44 (1970) (finding where a case has been "settled," the settlement ends the litigation and renders moot an appeal of an intermediate order concerning pretrial procedures); *Johnson v. Johnson*, 310 S.C. 44, 46, 425 S.E.2d 46, 48 (Ct. App. 1992) (stating that generally, where a judgment or order is entered by consent, it is binding and conclusive and cannot be attacked by the parties by direct appeal); *see also Chewning v. Ford Motor Co.*, 354 S.C. 72, 86, 579 S.E.2d 605, 613 (2003) (recognizing that "important benefits are achieved by the preservation of final judgments").

**AFFIRMED.**

**TOAL, CJ., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**