## WAITE V. FISH

1. In an action on a note executed by defendant to a firm, and by it transferred to plaintiff (one of the partners), defendant set up that it was given to the other partner as collateral security to notes and indebtedness held by the latter against defendant, and that such notes and indebtedness were paid; and there was evidence that an individual note held by such other partner, and to which defendant claimed that the note in controversy was collateral, had been paid. Plaintiff was unable to secure the firm letter and account books at the time of trial, and

judgment was given for defendant. Subsequently such books were found, and showed that the note sued on was given the firm in settlement of an account contracted by defendant with such other partner, and by him transferred to the firm. Held newly discovered and material evidence, entitling plaintiff to a new trial.

2. The affidavit of the other partner, who had no interest in the suit, showed that before the trial he was requested by plaintiff's attorney to produce the books, and that he made diligent search, but was unable to discover them until afterwards, when they were accidentally found. Held to show sufficient diligence on plaintiff's part.

(Opinion filed July 1, 1903.)

Appeal from circuit court, Sanborn county; Hon. FRANK B. SMITH, Judge.

Action by C. B. Waite against George L. Fish. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Reversed.

*N. B. Reed,* for appellant.

*J. E. Whiting,* for respondent.

CORSON, J. This is an action on a promissory note bearing date of January 3, 1895, executed by the defendant to the firm of Van Brunt & Waite, for the sum of $379, and transferred by the said firm to the plaintiff. The verdict and judgment were in favor of the defendant, and from the judgment and order denying a new trial the plaintiff appeals.

The defendant admits the execution of the note, but alleges that the said note was given to one Henry Van Brunt, who was a partner of the plaintiff, and that all the transactions set forth in the answer were had with the said Van Brunt. The defendant then set up by way of defense that the note in controversy was signed and delivered to said Van Brunt as collateral security only to the notes and indebtedness held by

said Van Brunt against the said defendant.  And the defendant further alleges that the said notes and indebtedness to secure which the note in controversy was delivered as collateral were fully paid, and the evidence of the defendant given at the trial tended to support this theory.  It also appears from the rebuttal evidence on the part of the plaintiff that Van Brunt & Waite entered into partnership in the spring of 1894, and continued as partners until the spring of 1896.  At the time the deposition of Van Brunt was taken, he had retained his old books of account, and the books of account of the firm of Van Brunt & Waite, but was unable, after diligent search, to find them, and therefore unable to annex copies to his deposition of the transactions shown by such books.  The plaintiff, Waite, had retired from the business, and had no knowledge of such account books, letterpress books, etc.  Subsequently to the trial, Van Brunt succeeded in finding his old letter books and account books, and thereupon a motion for a new trial was made—among others—upon the ground of newly discovered evidence.  From the affidavits read at the hearing of the motion, it clearly appears that the account books of Van Brunt and of the firm of Van Brunt & Waite, and the letterpress copy book, show that the note in controversy was executed by the defendant to the firm of Van Brunt & Waite in settlement of an open book account that had been contracted with said Van Brunt, and which account had been transferred by Van Brunt to the firm of Van Brunt & Waite, and that about the same time the defendant executed another note to Van Brunt individually, in renewal of a former note held by Van Brunt, executed by the defendant, for $250.  It appears from the books of account of Van Brunt that from April 13, 1893, to

December 19th of the same year, he sold to the plaintiff merchandise of the value of $1,030.75, on which payments were made, including a note of $250 executed by the defendant to Van Brunt, and that the balance of the said account (being $392) was on January 1, 1894, transferred to the firm of Van Brunt & Waite, and subsequently the account was credited with $70.50, and interest of $57.50 charged, leaving a balance of $379. On January 4, 1895, the said firm of Van Brunt & Waite wrote to the defendant, making the following request: "Now, if you cannot pay your past due account and note we wish you would sign and return the enclosed notes, one renews your note and one the account." On January 23d of the same year the firm again wrote the defendant, substantially as follows: "We are thankful to you for signing the two notes, but we find that we have made a mistake and sent you notes made out on the firm blanks while the old note we renewed is Mr. Van Brunt's. We return herewith the renewal of the note which you just sent us and another blank made out to Mr. Van Brunt. Please attend to this by return mail." The account of the defendant appears to have been closed and balanced by an entry, January 23, 1895, "Note due July 1st, '95, $379." It will be seen, therefore, that, assuming the newly discovered evidence to be true, the defendant was mistaken in his theory that the note in controversy was given as collateral security, and that it was in fact given in settlement of the book account originally due Van Brunt, and transferred by him to Van Brunt & Waite. It is quite clear from an examination of the evidence in the case, that the jury might have been, and probably were, confused and misled by the theory of the defendant that the note in controversy was given as collateral to some

other note or account, which had been paid, as evidence was admitted over the objection of plaintiff showing that the individual note of Van Brunt, to which the defendant claimed that the note in controversy was collateral, had been fully settled by the defendant. In view, therefore, of the importance of this newly discovered evidence, and the fact that the case seems to have been tried and submitted to the jury upon an erroneous theory, we are clearly of the opinion that the new trial should have been granted.

It is contended on the part of the defendant that sufficient diligence to obtain this evidence is not shown upon the part of the plaintiff, but we are of the opinion that there is no merit in this contention. Mr. Flickinger, an attorney on the part of the plaintiff, residing at Council Bluffs, Iowa, and who attended to the taking of the depositions in this case, says in his affidavit that he personally knew that Mr. Van Brunt made a thorough search for the letters and books referred to prior to the trial of the case, and prior to the time Mr. Van Brunt's deposition was taken, but he could not find the same, and that the same were found after the trial of the case, after a laborious search. Mr. Van Brunt, in his affidavit, says that "at the time of the taking of my deposition, and prior thereto, I was requested by Mr. Flickinger, and also by the attorneys for Mr. Fish, to produce the old books of account, and I did then, and did afterwards make diligent search for the same"; that "I had lost track of said books, and could not find the same at that time, or at any other time. until after the trial of this action;" that "a month or two after said trial, in looking over odds and ends and discarded matters, I accidently found the books in my basement." It thus fully appears that the account books and

letterpress books were required at the time of the taking of the depositions, and that Van Brunt was requested to, and did, make a thorough search for the same, but was unable to find them. This was all that could be required of one who was not a party to the action, and who had no personal interest in the controversy, and it will be noticed that Mr. Van Brunt says it was only by accident that he discovered the books packed away in his basement. This court recognizes the rule that, in granting new trials upon the ground of newly discovered evidence, the trial court exercises a large discretion, and that its ruling upon such motion will only be reversed by this court when in its opinion it clearly appears that the new trial should have been granted. We are satisfied from the showing made on the motion for a new trial that the newly discovered evidence is material and that all reasonable efforts were made to secure it; that justice requires the granting of a new trial; and that the court below erred in denying the same There are a number of errors assigned as to the admission of evidence and in the charge of the court, but, as the questions presented by these assignments of error will not probably arise upon another trial, we do not deem it necessary to consider them on this appeal.

The judgment and order denying a new trial are reversed, and a new trial granted.