## 19787. ASKEW v. GASKINS.

STEPHENS, J. 1. While profert of a document which, from its inspection, affords evidence of its contents and of its execution by a particular person, tends equally with secondary evidence as to its contents, and with testimony of a person that he witnessed its execution, to establish the ultimate fact as to its contents and as to the identity of the person purporting to execute it, it nevertheless constitutes tangible and material evidence from which, by an inspection of the document itself, its contents and the identity of the person executing it can be ascertained, and is therefore evidence of new and distinct facts from those contained in secondary evidence as to the contents of the document, or in the testimony of a person that he witnessed its execution, and is therefore not merely cumulative of such secondary evidence or of the testimony as to the document's execution, within the meaning of the rule with reference to granting new trials on newly discovered evidence. See, in this connection, 29 Cyc. 894 (d), 907 (v), 909 (3); Protection Life Ins. Co. v. Dill, 91 Ill. 174; *Dale* v. *State*, 88 *Ga.* 552 (5), 561 (15 S. E. 287).

2. Where an execution was issued against the principal and surety upon a bond given by the defendant in a suit in trover, as provided in section 5151 of the Civil Code of 1910, and an affidavit of illegality to the levy of the execution was filed by the surety upon the ground that he did not execute the bond, and where upon the trial no bond was produced, but the only evidence tending to establish the execution of the bond and its contents consisted of testimony of a witness as to the execution of the bond by the affiant and as to its contents and character, a motion for a new trial, made by the plaintiff in execution upon the ground of newly discovered evidence, consisting of the bond itself which was executed by the affiant, where it appeared that before the trial the bond had been lost, and the plaintiff and his attorney had exercised the required diligence to discover the existence of the bond, the bond itself as evidence is not merely cumulative of the evidence adduced upon the trial. It is evidence which is calculated to produce a different result upon another trial, and its discovery after the former trial constitutes ground for a new trial.

3. Where upon the hearing of the plaintiff's motion for a new trial, which was based upon the ground that the bond constituted newly discovered evidence, a counter-showing made in an affidavit in which the affiant stated in effect that the bond offered as newly discovered evidence was a bond executed by him in an attachment suit, and that it had been altered and changed so as to constitute a bond in the trover suit, admitted the genuineness of his signature to the bond offered as evidence, and raised an issue only as to the alteration of the paper after he had executed it. The issue as to the genuineness of the bond was not one for determination upon the motion for a new trial, but was one that should be passed upon regularly upon a trial before a jury. Protective Life Ins. Co. v. Dill, supra (8).

4. The court erred in not granting a new trial.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED JANUARY 23, 1930.

*E. R. Smith,* for plaintiff.
*William Story, Elsie H. Griner,* for defendant.