612 S.E.2d 456

**Anna H. LANIER, Appellant,**

v.

**Robert F. LANIER, Jr., Respondent.**

**No. 3966.**

Court of Appeals of South Carolina.

Heard March 9, 2005.
Decided March 21, 2005.
Rehearing Denied May 19, 2005.

Donald Bruce Clark and Mary Ann Hall, both of Charleston, for Appellant.

Marvin I. Oberman and Paul E. Tinkler, both of Charleston, for Respondent.

ANDERSON, J.:

Anna H. Lanier (Wife) and Robert F. Lanier (Husband) entered into a divorce settlement agreement which the family court incorporated into its final order of divorce. Wife appeals the family court's denial of her Rule 60(b)(2), SCRCP motion for relief from the final order. We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

Husband and Wife, who had been married since 1984, were divorced in March of 2003. Wife alleges that prior to their marriage, the parties entered into an antenuptial agreement (the agreement) in which Husband released his marital rights in Wife's property if they divorced. During the course of the marriage, the agreement was lost. Wife searched for the document when she initiated the proceeding. She checked with Husband, her bank (where the document had been stored), and her financial advisor, but her search was not successful. However, several months after the family court entered its final order, Wife found a copy of the agreement folded in a greeting card in her desk drawer.

The content of the agreement was not pled in the original action for divorce. After she found the agreement, Wife filed

a motion for relief from the judgment pursuant to Rule 60(b)(2), SCRCP. The family court heard the matter and denied the motion. On appeal, Wife argues that the requested relief should have been granted because the agreement qualified as newly discovered evidence. Additionally, she disputes the family court's award of attorney's fees.

## STANDARD OF REVIEW

In appeals from the family court, this Court may find facts in accordance with its own view of the preponderance of the evidence. *Moghaddassi v. Moghaddassi,* Op. No. 3932, 364 S.C. 182, 612 S.E.2d 707, 2005 WL 196558 (S.C. Ct.App. filed January 31, 2005) (Shearouse Adv. Sh. No. 6 at 48); *Emery v. Smith,* 361 S.C. 207, 603 S.E.2d 598 (Ct.App. 2004) (citing *Rutherford v. Rutherford,* 307 S.C. 199, 414 S.E.2d 157 (1992)). However, this broad scope of review does not require us to disregard the family court's findings. *Bowers v. Bowers,* 349 S.C. 85, 561 S.E.2d 610 (Ct.App.2002); *Badeaux v. Davis,* 337 S.C. 195, 522 S.E.2d 835 (Ct.App.1999). Nor must we ignore the fact that the trial judge, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Cherry v. Thomasson,* 276 S.C. 524, 280 S.E.2d 541 (1981); *Murdock v. Murdock,* 338 S.C. 322, 526 S.E.2d 241 (Ct.App. 1999); *see also Dorchester County Dep't of Soc. Servs. v. Miller,* 324 S.C. 445, 477 S.E.2d 476 (Ct.App.1996) (noting that because the appellate court lacks the opportunity for direct observation of witnesses, it should accord great deference to the family court's findings where matters of credibility are involved). An appellate court "should be reluctant to substitute its own evaluation of the evidence on child custody for that of the trial court." *Woodall v. Woodall,* 322 S.C. 7, 10, 471 S.E.2d 154, 157 (1996). Our broad scope of review does not relieve appellant of her burden to convince this Court the family court committed error. *Skinner v. King,* 272 S.C. 520, 522–23, 252 S.E.2d 891, 892 (1979).

A party seeking to set aside a judgment pursuant to Rule 60(b) has the burden of presenting evidence entitling him to the requested relief. *Perry v. Heirs at Law of Gadsden,* 357 S.C. 42, 590 S.E.2d 502 (Ct.App.2003). "The decision to

grant or deny a motion under Rule 60(b) is within the sound discretion of the trial court." *Bowman v. Bowman,* 357 S.C. 146, 151, 591 S.E.2d 654, 656 (Ct.App.2004) (citing *Coleman v. Dunlap,* 306 S.C. 491, 413 S.E.2d 15 (1992)); *see also Saro Invs. v. Ocean Holiday Pship.,* 314 S.C. 116, 441 S.E.2d 835 (Ct.App.1994) (noting that Rule 60(b) motions are addressed to the discretion of the court and appellate review is limited to determining whether the trial court abused its discretion). Review is thus limited to determining whether the family court abused its discretion in granting or denying the motion. *Raby Constr., L.L.P. v. Orr,* 358 S.C. 10, 18, 594 S.E.2d 478, 482 (2004); *Bowman* at 151, 591 S.E.2d at 656.

## *LAW/ANALYSIS*

### I. Rule 60(b)(2) Motion

Wife argues she is entitled to relief from the judgment under Rule 60(b)(2). We disagree.

### A. Propriety of Attacking a Consent Judgment Through a Rule 60(b) Motion

As a preliminary matter, we address whether a consent judgment may be attacked via a Rule 60(b) motion. Husband argues that consent orders are "binding and conclusive and cannot be attacked by the parties either on direct appeal or in a collateral proceeding ." *See Johnson v. Johnson,* 310 S.C. 44, 46, 425 S.E.2d 46, 48 (Ct.App.1992). Although this is the general rule, consent judgments are subject to attack in particular circumstances, including for the reasons specified in Rule 60(b). *See Raby Constr., L.L.P. v. Orr,* 358 S.C. 10, 18 n. 3, 594 S.E.2d 478, 482 n. 3 (2004) ("[E]ven consent judgments are subject to attack under particular circumstances."). Indeed, the *Johnson* court ultimately granted relief under Rule 60(b)(5). *Id.; Johnson,* 310 S.C. at 47, 425 S.E.2d at 48. Additionally, consent orders could be vacated under the statutory predecessor to Rule 60. *See Lord Jeff Knitting Co., Inc. v. Mills,* 281 S.C. 374, 376, 315 S.E.2d 377, 378 (Ct.App.1984) (acknowledging availability of relief but refusing it on other grounds). Therefore, we find no error in the family court's decision to consider Wife's motion on the merits.

## B. Rule 60(b)(2)

The South Carolina Rules of Civil Procedure apply in family court when no family court rule provides otherwise. Rule 2, SCRFC. Rule 60(b), SCRCP, reads:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . . .
>
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
> . . . .

This rule is substantially the same as the federal rule. *See* Rule 60, SCRCP, note ¶ 1; *Thynes v. Lloyd,* 294 S.C. 152, 363 S.E.2d 122 (Ct.App.1987).

## C. Elements for Obtaining a New Trial Under Rule 60(b)(2)

To obtain a new trial based on newly discovered evidence, a movant must establish that the newly discovered evidence:

> (1) will probably change the result if a new trial is granted; (2) has been discovered since the trial; (3) could not have been discovered before the trial; (4) is material to the issue; and (5) is not merely cumulative or impeaching.

James F. Flanagan, *South Carolina Civil Procedure* 484 (2nd ed.1996) (citing *Johnston v. Belk–McKnight Co.,* 188 S.C. 149, 198 S.E. 395; *McCabe v. Sloan,* 184 S.C. 158, 191 S.E. 905 (1937)); *see Lans v. Gateway 2000, Inc.,* 110 F.Supp.2d 1 (D.D.C.2000); *Raymond v. Raymond Corp.,* 938 F.2d 1518 (1st Cir.1991); *Duffy v. Clippinger,* 857 F.2d 877 (1st Cir. 1988); *Lloyd v. Gill,* 406 F.2d 585 (5th Cir.1969); *Johnson v. United States,* 32 F.2d 127 (8th Cir.1929); *Kettenbach v. Demoulas,* 901 F.Supp. 486 (D.Mass.1995); *see also* Wright & Miller, 11 *Fed. Prac. & Proc. Civ.2d* § 2859 (1995) (noting the standard applied to newly discovered evidence is the same for Rule 59(b) and Rule 60(b)(2), and discussing the elements); 12 *Moore's Federal Practice* § 60.42[2] (Matthew Bender 3rd ed.) (discussing various elements tests for Rule 60(b)(2)).

### D. Newly Discovered Evidence

■ First, we note that courts have found evidence is not newly discovered evidence for the purposes of Rule 60(b)(2) where the evidence was (1) known to the party at the time of trial, and (2) in the party's possession.

#### 1. Known to the Party at the Time of Trial

In *Lans v. Gateway 2000, Inc.*, 110 F.Supp.2d 1 (D.D.C. 2000), the movant, Lans, made a Rule 60(b)(2) motion based on a "Clarification–Contract" which he found after trial. Lans knew the document existed prior to trial, but was unable to locate it. The *Lans* court stated:

> Lans even admits that he had knowledge of the Clarification–Contract prior to the Court's grant of summary judgment to Gateway.... [T]he Court cannot conceive of why Lans failed to notify the Court of the potential existence of the Clarification–Contract and request more time to search for it.... Rule 60(b)(2) was not designed to afford parties the opportunity to revisit choices made in the thick of litigation. Since Lans knew of the Clarification–Contract's existence, he cannot now claim that it is newly discovered evidence.

*Id.* at 5. *See also Andrews Distrib. Co. v. Oak Square at Gatlinburg, Inc.*, 757 S.W.2d 663, 667 (Tenn.1988) (finding that when both parties know an item of evidence existed before trial, but the evidence is simply lost or misplaced, finding it afterward does not transform it into newly discovered evidence), *overruled on other grounds by Spence v. Allstate Ins. Co.*, 883 S.W.2d 586 (Tenn.1994).

We find the instant case analogous to *Lans*. Wife was well aware the agreement existed; yet, she did not plead its contents or otherwise inform the court of the document's potential application. Instead, she chose to initiate this action and negotiate a property settlement without asserting any potential rights which the agreement might have afforded her. Consequently, the agreement was not newly discovered.

#### 2. In the Possession of the Party

The *Lans* court addressed whether evidence can be newly discovered when it is in the movant's possession. The court

observed that "the Clarification–Contract was in Lans's possession, even if he could not recall its physical location." *Id.* Accordingly, the evidence was deemed not newly discovered:

[T]his Court has previously held that evidence "in the possession of the party before the judgment was rendered ... is not newly discovered evidence that affords relief." *American Cetacean Soc'y v. Smart,* 673 F.Supp. 1102, 1106 (D.D.C.1987) (Richey, J.). *See Coastal Transfer Co. v. Toyota Motor Sales, U.S .A.,* 833 F.2d 208, 211–12 (9th Cir.1987) (evidence that is somehow in possession of a party at time of trial may not be "discovered"); *see also Longden v. Sunderman,* 979 F.2d 1095, 1103 (5th Cir.1992) (misplaced evidence is not newly discovered evidence); *Taylor v. Texgas Corp.,* 831 F.2d 255, 259 (11th Cir.1987) (party may not "discover" after trial evidence that was within knowledge of employees at time of trial).

*Id.* "Furthermore," the *Lans* court noted, the evidence "turned up in the possession of [Lans's] accountant." *Id.* Thus, the court went on to explain that "documents in the possession of a party's agent, such as an attorney or accountant, are deemed to be in the party's possession because the party retains control over the documents." *Id.* (citations omitted). *See also Longden v. Sunderman,* 979 F.2d 1095, 1103 (5th Cir.1992) (finding presence of the missing document in appellant's files prior to the hearing alone sufficient to deny the Rule 60(b)(2) motion).

Wife admits that the agreement was in her possession and was ultimately found in her desk drawer. Because she both knew of and possessed the agreement prior to trial, we find this evidence does not constitute newly discovered evidence for the purpose of Rule 60(b)(2).

### E. Exercise of Due Diligence

Finally, even if the agreement did constitute newly discovered evidence, the family court did not abuse its discretion by refusing to grant a new trial under Rule 60(b)(2) where: (1) Wife knew of the agreement prior to trial, (2) Wife did not plead the agreement, and (3) the agreement was in Wife's possession and control prior to trial, but was only later discovered in a desk drawer.

■ Rule 60(b)(2) allows the court to grant a new trial only if the newly discovered evidence could not have been discovered by due diligence prior to trial. *Black's Law Dictionary* defines "due diligence" as "[t]he diligence reasonably expected from, and ordinarily exercised by, a person who seeks to satisfy a legal requirement or to discharge an obligation." *Id.* at 468 (7th ed.1999). "Diligence looks not to what the litigant actually discovered, but what he or she *could* have discovered." 12 *Moore's Federal Practice* § 60.42[5] (Matthew Bender 3rd ed.).

■ When evidence is misplaced, a party must make a specifically targeted search to find the missing evidence. *See Lans,* 110 F.Supp.2d at 6 ("[W]hatever actions [the appellant] took to locate the [evidence] are undermined by the plain fact that [he] knew that the [evidence] existed, regardless of whether he could actually get his hands on it. The Court is unsympathetic to arguments that [he] could not remember where [it] was."). Where a litigant could have discovered the new evidence prior to trial, he or she is not entitled to relief under Rule 60(b)(2). *Raby Constr., L.L.P. v. Orr,* 358 S.C. 10, 21, 594 S.E.2d 478, 484 (2004) (citing *Bowman v. Bowman,* 357 S.C. 146, 591 S.E.2d 654, (Ct.App.2004)). When a party simply misplaces evidence at home, the court will treat the failure to discover it as a failure to exercise due diligence. *Johnson Waste Materials v. Marshall,* 611 F.2d 593, 598–99 (5th Cir.1980). Here, Wife eventually found the agreement in a desk drawer in her home. Cognizant of our standard of review, we are unable to find an abuse of discretion where Wife could have located the agreement by conducting a more thorough search of the desk drawer.

■ In *Bowman v. Bowman,* 357 S.C. 146, 591 S.E.2d 654, (Ct.App.2004), this Court held that "South Carolina's strong policy towards finality of judgments trumps a party's ability to set aside a judgment where, as here, the party could have discovered the evidence prior to trial." *Id.* at 152, 591 S.E.2d at 657. Similarly, when a party is on notice that evidence exists and settles the case without further inquiry, relief under Rule 60(b) is unavailable. *Raby Constr.,* 358 S.C. at 22–23, 594 S.E.2d at 484.

We recognize that in some out-of-state cases new trials were allowed when lost documents were subsequently found. *See Wasem v. Ellens*, 68 S.D. 524, 4 N.W.2d 850 (1942); *Misel v. Cottonwood Live Stock & Loan Co.*, 48 S.D. 624, 205 N.W. 663 (1925); *Zarneke v. Kitzman*, 44 S.D. 295, 183 N.W. 867 (1921); *Waite v. Fish*, 17 S.D. 215, 95 N.W. 928 (1903); *Askew v. Gaskins*, 40 Ga.App. 784, 151 S.E. 539 (1930); *The Protection Life Ins. Co. v. Dill*, 91 Ill. 174 (Ill.1878); *Winfield Bldg. & Loan Ass'n v. McMullen*, 59 Kan. 493, 53 P. 481 (1898). However, most of these cases sounded in equity and were decided before the advent of Rule 60(b). Additionally, in all of the cases cited, existence of the lost document was alleged at trial. When the documents were found, the courts held that the original documents themselves were material and not merely cumulative of other evidence as to their contents. Thus, retrials were merited. In contrast, Wife did not allege the existence of the agreement at all and made no attempt to recreate any of its contents before settling the case.

In light of this State's strong policy emphasizing finality of judgments, we hold the family court correctly concluded that Wife is not entitled to relief under Rule 60(b). Because we find the evidence was not newly discovered for Rule 60(b) purposes, and the requisite due diligence was not exercised to find it, we affirm the family court's refusal to grant Wife a new trial.

## II. Attorney's Fees

The family court is authorized by statute to order attorneys fees to either party in a divorce action. S.C.Code Ann. 20–3–120 and –130 (1985); *Stevenson v. Stevenson*, 295 S.C. 412, 415, 368 S.E.2d 901, 903 (1988). The award of attorney's fees is at the sound discretion of the family court. *Lacke v. Lacke*, 362 S.C. 302, 608 S.E.2d 147 (Ct.App.2005) (citing *Stevenson*, 295 S.C. 412, 368 S.E.2d 901). In deciding whether to award attorney's fees, the family court should consider: (1) the parties' ability to pay their own fee; (2) the beneficial results obtained by counsel; (3) the respective financial conditions of the parties; and (4) the effect of the fee on each party's standard of living. *E.D.M. v. T.A.M.*, 307 S.C. 471, 415 S.E.2d 812 (1992); *Moghaddassi v. Moghaddassi*, 364 S.C. 182, 612 S.E.2d 707, 2005 WL 196558 (S.C.Ct.App. filed

January 31, 2005) (Shearouse Adv. Sh. No. 6 at 48); *Shirley v. Shirley*, 342 S.C. 324, 536 S.E.2d 427 (Ct.App.2000). Our supreme court has identified the following factors for determining a reasonable attorney's fee: (1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; and (6) customary legal fees for similar services. *Glasscock v. Glasscock*, 304 S.C. 158, 403 S.E.2d 313 (1991); *Bowers v. Bowers*, 349 S.C. 85, 561 S.E.2d 610 (Ct.App.2002); *Heins v. Heins*, 344 S.C. 146, 543 S.E.2d 224 (Ct.App.2001).

Wife requested that "[i]f this Court reverses the family court on Issue I, then it should accordingly reverse the award of attorneys fees." Because we affirm the family courts denial of Wife's Rule 60(b)(2) motion, we concomitantly affirm the award of attorney's fees.

### *CONCLUSION*

Based on the foregoing, the order of the family court is hereby

**AFFIRMED.**

BEATTY and SHORT, JJ., concur.