THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Shirley N.
 Durden, Respondent,
 
 
 
 
 

v.

 
 
 
 
 George A. Durden,
 III, Appellant.
 
 
 
 
 

Appeal From Dorchester County
William J. Wylie, Jr., Family Court Judge

Unpublished Opinion No. 2009-UP-524
 Submitted November 2, 2009  Filed
November 19, 2009

AFFIRMED

 
 
 
 George A. Durden, III, pro se, of
 Greenwood, for Appellant.
 Bernard  Mack and David L. DeVane, both of
 Summerville, for Respondent.
 
 
 

PER CURIAM: In this domestic action, George A.
 Durden, III (Husband), pro se,  appeals the family court's order awarding Shirley
 N. Durden (Wife) 50% of Husband's self-only United States Government Civil
 Service Disability Retirement and attorney's fees.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:
1.  As to whether the family court erred in denying
 Husband's motion pursuant to Rule 60(b), SCRCP: Southeastern Hous. Found. v.
 Smith, 380 S.C. 621, 636, 670 S.E.2d 680, 688 (Ct. App. 2008)
 (explaining the decision to grant or deny a motion under Rule 60(b) lies within
 the sound discretion of the trial court); Lanier v. Lanier, 364 S.C.
 211, 215-16, 612 S.E.2d 456, 458 (Ct. App. 2005) (stating a party seeking
 to set aside a judgment pursuant to Rule 60(b) has the burden of presenting
 evidence entitling him to the requested relief).  
2.  As to whether the family court's order failed to comply with Rule 26(a), SCRCP: In re Michael H., 360 S.C. 540, 546, 602 S.E.2d 729, 732 (2004) (stating an issue cannot be raised for the first time on appeal).  
3. 
 As to whether the family court erred in considering and incorporating Husband
 and Wife's mediated agreement into the final decree of divorce: In re Care
 and Treatment of McCracken, 346 S.C. 87, 93, 551 S.E.2d 235, 239 (2001)
 (finding an issue is deemed abandoned and will not be considered on appeal if
 the argument is raised in a brief but not supported by authority).    
4. 
 As to whether the family court violated Rule 26, SCRFC:  Staubes v. City of
 Folly Beach,  339 S.C. 406, 415, 529 S.E.2d 543, 547 (2000)
 (holding in order for an issue to be preserved for appellate review it must be
 raised to and ruled upon by the trial court). 
5. 
 As to whether the family court erred in: (1) awarding Wife attorney's fees; (2) accepting
 Wife's proposed order; and (3) inaccurately representing Husband and Wife's agreement on the
 division of marital property and assets:  Doe v. Doe, 370 S.C. 206, 212, 634 S.E.2d 51, 55 (Ct. App. 2006) ("[W]hen
 an appellant neither raises an issue at trial nor through a Rule 59(e), SCRCP,
 motion, the issue is not preserved for appellate review."); see also Noisette v. Ismail, 304 S.C. 56, 58, 403 S.E.2d 122, 124 (1991) (explaining
 when a trial court makes a general ruling on an issue, but does not address the
 specific argument raised by the appellant and the appellant does not make a
 motion to alter or amend pursuant to Rule 59(e), SCRCP, to obtain a ruling on
 the argument, the appellate court cannot consider the argument on appeal).
AFFIRMED.
SHORT, THOMAS, and
 KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.