**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Danielle Vess Headley and William D. Headley,
Appellants.

In the interest of minors under the age of eighteen.

Appellate Case No. 2016-002292

———————————

Appeal From Spartanburg County
Kelly Pope-Black, Family Court Judge

———————————

Unpublished Opinion No. 2017-UP-470
Submitted November 21, 2017 – Filed December 21, 2017

———————————

**AFFIRMED**

———————————

Donald Loren Smith, of Attorney Office of Donald Smith, of Anderson, for Appellants.

Kathryn J. Walsh, of South Carolina Department of Social Services, of Spartanburg, for Respondent.

Wendy Nicole Griffith, of Talley Law Firm, P.A., of Spartanburg, for the Guardian ad Litem.

———————————

**PER CURIAM:**  Danielle Vess Headley and William Headley appeal an order denying their motion to vacate a removal order.  On appeal, the Headleys argue the family court erred in (1) denying their motion to vacate based on newly discovered evidence, (2) finding probable cause existed to remove their minor children, and (3) failing to order relative placement.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  The family court did not err in denying the motion to vacate based on newly discovered evidence.  *See Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011) (providing this court reviews factual and legal issues from a family court order de novo); *Lewis v. Lewis*, 392 S.C. 381, 385, 709 S.E.2d 650, 651-52 (2011) (providing the de novo standard of review does not require this court to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony); Rule 60(b), SCRCP ("On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for . . . newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b) . . . ."); *Lanier v. Lanier*, 364 S.C. 211, 215, 612 S.E.2d 456, 458 (Ct. App. 2005) ("A party seeking to set aside a judgment pursuant to Rule 60(b) has the burden of presenting evidence entitling him to the requested relief."); *id.* at 217, 612 S.E.2d at 459 ("To obtain a new trial based on newly discovered evidence, a movant must establish that the newly discovered evidence: '(1) will probably change the result if a new trial is granted; (2) has been discovered since the trial; (3) could not have been discovered before the trial; (4) is material to the issue; and (5) is not merely cumulative or impeaching.'" (quoting James F. Flanagan, *South Carolina Civil Procedure* 484 (2nd ed.1996))); *id.* at 220, 612 S.E.2d at 460 (defining due diligence as "[t]he diligence reasonably expected from, and ordinarily exercised by, a person who seeks to satisfy a legal requirement or to discharge an obligation" (alteration in *Lanier*) (quoting Black's Law Dictionary, 468 (7th ed.1999))); *id.* ("Diligence looks not to what the litigant actually discovered, but what he or she *could* have discovered." (emphasis in *Lanier*) (quoting 12 Moore's Federal Practice § 60.42[5] (Matthew Bender 3rd ed.))).

2.  This court lacks appellate jurisdiction to consider the Headleys' remaining arguments because they failed to timely serve an appeal from the family court's removal order and order denying their motion to place the children with Brenda Bradshaw.  *See* Rule 203(b)(1), (3), SCACR (providing a party must serve a notice

of appeal from a family court order "on all respondents within thirty (30) days after receipt of written notice of entry of the order or judgment"); *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 14-15, 602 S.E.2d 772, 775 (2004) ("The requirement of service of the notice of appeal is jurisdictional, *i.e.,* if a party misses the deadline, the appellate court lacks jurisdiction to consider the appeal and has no authority or discretion to 'rescue' the delinquent party by extending or ignoring the deadline for service of the notice.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and HUFF and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.