**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Stephanie M. McDew a/k/a Stephanie McDew Schoumacher, Appellant,

v.

Frieda P. McDew a/k/a Frieda McDew Shorter, Respondent.

Appellate Case No. 2019-002079

Appeal From Beaufort County
Marvin H. Dukes, III, Master-in-Equity and Special
Circuit Court Judge

Unpublished Opinion No. 2022-UP-258
Submitted May 1, 2022 – Filed June 8, 2022

**AFFIRMED**

Stephanie M. McDew, of Washington D.C., pro se.

Thomas J. Finn, of Finn Law Firm, PC, of Hilton Head Island, for Respondent.

**PER CURIAM:** In this dispute between cotenants of a beach house and property on Hilton Head Island, Appellant Stephanie Schoumacher appeals the master-in-equity's order, arguing the master erred by (1) finding she failed to prove

her claim for ouster and (2) incorrectly calculating the damages award to Respondent Frieda Shorter.  We affirm.

1.  The master did not err by failing to find that Schoumacher was entitled to a finding of ouster as a matter of law.  *See Miller v. Dillon*, 432 S.C. 197, 206, 851 S.E.2d 462, 467 (Ct. App. 2020) ("On appeal from an action in equity, [the appellate court] may find facts in accordance with its view of the preponderance of the evidence." (quoting *Walker v. Brooks*, 414 S.C. 343, 347, 778 S.E.2d 477, 479 (2015))); *Parker v. Shecut*, 359 S.C. 143, 149, 597 S.E.2d 793, 797 (2004) (indicating a claim for ouster is an equitable claim).  Because the master correctly concluded that Shorter did not exclude Schoumacher from the property, Shorter's failed adverse possession claim was insufficient to establish ouster as a matter of law.  *See Freeman v. Freeman*, 323 S.C. 95, 99, 473 S.E.2d 467, 470 (Ct. App. 1996) ("'Ouster' is the actual turning out or keeping excluded a party entitled to possession of any real property.").

Additionally, because there is no evidence in the record indicating when Shorter changed the locks, Schoumacher cannot show that the alleged newly discovered evidence "could not have been discovered before trial."  *See Morin v. Innegrity, LLC*, 424 S.C. 559, 578, 819 S.E.2d 131, 141 (Ct. App. 2018) ("Rule 60(b)(2), SCRCP, empowers a trial court to grant a new trial . . . if a party establishes the newly discovered evidence: '(1) will probably change the result if a new trial is granted; (2) has been discovered since the trial; (3) could not have been discovered before the trial; (4) is material to the issue; and (5) is not merely cumulative or impeaching.'" (quoting *Lanier v. Lanier*, 364 S.C. 211, 217, 612 S.E.2d 456, 459 (Ct. App. 2005))).

2.  The master did not err in calculating Shorter's damages award because Schoumacher waived her challenge to the amount of the award when she stipulated to the amount of Shorter's damages at trial.  *See State v. Benton*, 338 S.C. 151, 156-57, 526 S.E.2d 228, 231 (2000) (providing when a party concedes to an issue at trial and subsequently argues the issue on appeal, the issue is procedurally barred).

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.