**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Michele Graham, Appellant,

v.

Mark Ciaburri and Adrienne T. Ciaburri, Respondents.

Appellate Case No. 2021-000450

———————

Appeal From Charleston County
Bentley Price, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-098
Submitted February 1, 2023 – Filed March 15, 2023

———————

**AFFIRMED**

———————

Michelle Graham, of Mount Pleasant, pro se.

Edward "Ted" Regin Corvey, III, of Corvey Law Firm,
LLC, of Charleston, for Respondents.

———————

**PER CURIAM:** In this action for injunctive relief and damages, Michele Graham appeals a circuit court order denying her motion for relief pursuant to Rule 60(b)(2), SCRCP, from an order refusing to grant a temporary injunction. Graham also argues the presiding circuit court judge who denied her motion should have recused himself because he demonstrated an abuse of discretion in his rulings and

created an environment that did not reflect judicial fairness and impartiality. We affirm.

In her amended complaint, Graham alleged "Petey," a pit-bull mixed breed dog belonging to Mark and Adrienne Ciaburri, fatally attacked "Gigi," her twelve-year-old Yorkshire terrier, while Gigi was relieving herself in Graham's front yard. Graham requested damages as well as temporary and permanent injunctive relief.

While the matter was pending in the circuit court, Graham moved for a temporary injunction requiring Petey's seizure and impoundment. The circuit court held a hearing on the motion and issued an order denying it. Subsequently, Graham moved to disqualify the circuit court judge who denied her motion for a temporary injunction, alleging he was friends with opposing counsel on social media and treated her in a manner that showed partiality toward the Ciaburris. The judge issued an order in which he declined to recuse himself. Graham then moved for relief from the denial of her motion for a temporary injunction and for an order granting her a new trial pursuant to Rule 60(b)(2), SCRCP. In support of this motion, Graham stated she had obtained a report from a court-recognized expert in canine aggression and dangerous dog investigations who was ready and willing to testify the Ciaburris were in violation of a local ordinance when their dog attacked her dog. The circuit court denied the motion, explaining it did not consider the expert's report to be newly discovered evidence. This appeal followed.

1. Rule 60(b)(2), SCRCP, allows a court to relieve a party from an order because of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)[,SCRCP]." A party seeking a new trial based on newly discovered evidence must establish, among other things, that the evidence could not have been discovered before the trial. *Lanier v. Lanier*, 364 S.C. 211, 217, 612 S.E.2d 456, 459 (Ct. App. 2005). "Diligence looks not to what the litigant actually discovered, but what he or she *could* have discovered." *Id.* at 220, 612 S.E.2d at 460 (quoting 12 *Moore's Federal Practice* § 60.42[5] (Matthew Bender 3rd ed.)). "Whether to grant or deny a motion under [Rule] 60(b)[, SCRCP] is within the sound discretion of the judge." *Coleman v. Dunlap*, 306 S.C. 491, 494, 413 S.E.2d 15, 17 (1992). We hold the circuit court acted within its discretion in finding the report prepared by Graham's expert was not newly discovered evidence that would entitle her to relief under Rule 60(b). Although Graham asserts she exercised due diligence by first questioning several local veterinary practitioners about the case, this activity did not prevent her from consulting her expert while conducting her other

investigation.  Furthermore, the information that would arguably have changed the ruling on her motion for a temporary injunction was not the report itself, but the expert's professional opinion that Petey had engaged in aggressive behavior that resulted in Gigi's fatal injuries.

2.  We reject Graham's arguments that the circuit judge who denied her motion for a temporary injunction abused his discretion in denying the relief she requested and should have recused himself because of prior interactions on social media with opposing counsel and his alleged bias toward a self-represented litigant.  *See Davis v. Parkview Apartments*, 409 S.C. 266, 286-87, 762 S.E.2d 535, 546 (2014) (holding a circuit judge presiding over a lawsuit was not required to recuse himself solely because of "mere social relationships" between the judge or his family members and the respondents' counsel of record or their family members); *Patel v. Patel*, 359 S.C. 515, 524, 599 S.E.2d 114, 118 (2004) ("Under South Carolina law, if there is no evidence of judicial prejudice, a judge's failure to disqualify himself will not be reversed on appeal."); *id.* ("It is not sufficient for a party seeking disqualification to simply allege bias; there party must show evidence of bias or prejudice.").

3.  Finally, we hold the circuit court acted within its discretion in denying Graham's motion for a temporary injunction based on its finding that Graham did not present evidence that the Ciaburris violated a local ordinance by maintaining an animal so as to constitute a public nuisance.  Graham at most presented only hearsay evidence that Petey had violent tendencies, and she provided no accounts about any specific incidents in which he attacked either humans or other animals other than the incident leading to her lawsuit.  *See FOC Lawshe Ltd. P'ship*, 352 S.C. 408, 413, 574 S.E.2d 228, 231 (Ct. App. 2002) ("The decision to grant or deny temporary injunctive relief is within the sound discretion of the trial judge and will not be overturned absent an abuse of discretion."); Town of Mt. Pleasant, S.C., Code § 90.29(B)(3) (prohibiting "[m]aintaining an animal that *habitually or repeatedly* chases, snaps at, bites, or attacks pedestrians, bicycles, or vehicles, or other animals, or any animal whose behavior constitutes a reasonable risk to injuring a human or other animal" (emphasis added)).

**AFFIRMED.**[1]

**WILLIAMS, C.J., GEATHERS, J., and HILL, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.