**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services, Respondent,

v.

Sarah Trupia, Jared Tierce, Ellen Tierce, and Catlin Tierce, Defendants,

Of whom Sarah Trupia is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2024-001233

———————————

Appeal From Pickens County
Karen S. Roper, Family Court Judge

———————————

Unpublished Opinion No. 2025-UP-241
Submitted July 9, 2025 – Filed July 10, 2025

———————————

**AFFIRMED**

———————————

Kindle Kay Johnson, of K. Johnson Law Firm, LLC, of Rock Hill, for Appellant.

Milford Oliver Howard, III, of Howard Law Firm, P.A., of Greenville; and Julie Mahon Rau, of the South

Carolina Department of Social Services, of Pickens, both for Respondent.

Steven Luther Alexander, of Alexander Law Firm, LLC, of Pickens, for the Guardian ad Litem.

**PER CURIAM:**  Sarah Trupia (Mother) appeals the family court's non-emergency removal order finding she placed her minor child (Child) at a substantial risk of physical abuse and granting custody to Child's paternal grandparents (Paternal Grandparents).  On appeal, Mother argues the family court erred in (1) denying her motion for involuntary nonsuit and post-trial motions and relying on evidence not set forth in the removal complaint, (2) basing its findings on evidence from an unfounded Department of Social Services (DSS) investigation, (3) considering information from confidential Department of Juvenile Justice (DJJ) records, and (4) finding the removal was in Child's best interest.  We affirm pursuant to Rule 220(b), SCACR.

"On appeal from the family court, the appellate court reviews factual and legal issues de novo."  *Klein v. Barrett*, 427 S.C. 74, 79, 828 S.E.2d 773, 776 (Ct. App. 2019).  Under the de novo standard of review, this court may make its own findings of fact; however, we continue to recognize the superior position of the family court to assess witness credibility.  *Stoney v. Stoney*, 422 S.C. 593, 595, 813 S.E.2d 486, 487 (2018).  Moreover, de novo review does not relieve the appellant of the burden of showing that the preponderance of the evidence is against the family court's findings.  *Id.*

1.  The family court did not abuse its discretion in denying Mother's motion for involuntary nonsuit.  *See Stoney*, 422 S.C. at 594 n.2, 813 S.E.2d at 486 n.2 (explaining appellate courts review the family court's procedural and evidentiary rulings for an abuse of the family court's discretion); *Patel v. Patel*, 359 S.C. 515, 529, 599 S.E.2d 114, 121 (2004) ("An abuse of discretion occurs either when a court is controlled by some error of law, or where the order is based upon findings of fact lacking evidentiary support."); Rule 41(b), SCRCP ("After the plaintiff in an action tried by the court without a jury has completed the presentation of his evidence, the defendant . . . may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief.").  DSS received a report on January 2, 2023, regarding Mother's home conditions and concerns regarding marijuana use by Mother and Jared Tierce (Father).  The DSS investigator testified that she noted broken windows in the room where Child and

Mother were sleeping.  On a follow-up visit, Mother, her mother (Maternal Grandmother), and Maternal Grandmother's boyfriend pretended they did not see a toddler when the investigator observed Father's two-year-old child in the home.  The visit culminated in the investigator discovering Father hiding under a blanket despite Mother's insistence she had not had contact with Father.  Moreover, the investigator testified Mother did not fully comply with drug screen requests and admitted to hitting Maternal Grandmother in the past.  The DSS caseworker also testified Mother complied with only one of the two drug screen referrals he had made in the previous month and noted additional potential safety hazards in the home the week before the hearing, including a broken smoke detector, blocked back door and window, unsafe cabinets, and unprotected space heater.  Photographs showing the safety concerns in the home were entered into the record without objection.  Based on the evidence presented in DSS's case in chief, we hold the family court did not abuse its discretion in denying Mother's motion for involuntary nonsuit.

We find the family court did not err in considering evidence regarding Mother's volatile relationship with Maternal Grandmother and the conditions of the home after Child was placed with Paternal Grandparents because such evidence was relevant in making the required statutory findings.[1]  *See* S.C. Code Ann. § 63-7-1660(E) (2010) ("The [family] court shall not order that a child be removed from the custody of the parent . . . unless the court finds that the allegations of the petition are supported by a preponderance of evidence including a finding that the . . . return of the child to the home would place the child at unreasonable risk of harm . . . and the child cannot reasonably be protected from this harm without being removed."); S.C. Code Ann. § 63-7-20(6)(a) (Supp. 2024) (explaining "child abuse or neglect" or "harm" occurs when a parent "engages in acts or omissions which present a substantial risk of physical or mental injury to the child").

Further, we find the preponderance of the evidence supported the family court's findings that Mother placed Child at a substantial risk of physical abuse, returning Child to Mother's home would place Child at an unreasonable risk of harm, and Child could not reasonably be protected from such harm without removal.  In

---

[1] Mother also argues the family court's consideration of such evidence violated her right to due process.  She did not raise this issue to the family court; thus, it is not preserved for this court's review.  *See Doe v. Doe*, 370 S.C. 206, 212, 634 S.E.2d 51, 54 (Ct. App. 2006) ("To preserve an issue for appellate review, the issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court.").

addition to the evidence of the remaining safety hazards in the home—namely, an unguarded heater and un-child-proofed cabinets—Mother admitted to providing fake urine for a drug screen; engaging in a physical altercation with Maternal Grandmother, with whom she resided; and being arrested for underage drinking in April 2023 and again in July 2023 for failing to appear in court. Thus, we hold the family court did not err in making these findings.

2. We hold this issue is not preserved for appellate review. In her motion for involuntary nonsuit, Mother argued the family court should not consider evidence that arose out of a prior unfounded DSS investigation, and in its final order, the family court stated that it did not base its findings regarding the allegations against Mother or the harm to Child on the unfounded report. Mother did not show any evidence the family court did, in fact, consider evidence that arose during the unfounded DSS investigation. *See Bowman v. Bowman*, 357 S.C. 146, 160, 591 S.E.2d 654, 661 (Ct. App. 2004) (stating a party "may not seek and receive a particular result at trial and then challenge it on appeal").[2]

3. We hold Mother failed to preserve her argument that the family court should not have considered Mother's testimony regarding her prior mental health issues because she did not object after the question was rephrased. *See Austin v. Stokes-Craven Holding Corp.*, 387 S.C. 22, 38-39, 691 S.E.2d 135, 143-44 (2010) (finding a party failed to preserve an argument when it did not object to testimony elicited from a rephrased question); *Cogdill v. Watson*, 289 S.C. 531, 537, 347 S.E.2d 126, 130 (Ct. App. 1986) ("The failure to make an objection at the time evidence is offered constitutes a waiver of the right to object.").

Moreover, the family court did not abuse its discretion in denying Mother's motion for relief from judgment based on newly discovered evidence. *See Stoney*, 422 S.C. at 594 n.2, 813 S.E.2d at 486 n.2 (explaining appellate courts review the family court's procedural and evidentiary rulings for an abuse of the family court's discretion); Rule 60(b)(2), SCRCP (providing that a trial court may relieve a party from a final judgment, order, or proceeding for "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial"); *Lanier v. Lanier*, 364 S.C. 211, 217, 612 S.E.2d 456, 459 (Ct. App. 2005)

---

[2] Mother also raises an argument regarding the inclusion of this information in the pleadings; this argument is not preserved because she did not raise it to the family court. *See Doe*, 370 S.C. at 212, 634 S.E.2d at 54 ("To preserve an issue for appellate review, the issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court.").

(explaining that to obtain a new trial based on Rule 60(b)(2), the moving party must show that the evidence: "(1) will probably change the result if a new trial is granted; (2) has been discovered since the trial; (3) could not have been discovered before the trial; (4) is material to the issue; and (5) is not merely cumulative or impeaching." (quoting James F. Flanagan, *South Carolina Civil Procedure* 484 (2d ed. 1996))). The evaluation was listed on the GAL report, and the order did not mention the evaluation or Mother's DJJ case. Accordingly, we find Mother did not show she was prevented from discerning that the GAL had access to the evaluation or that the GAL's access to the information was material to Mother's case.

4. We find removing Child from Mother's care and granting Paternal Grandparents custody was in Child's best interest. *See Klein*, 427 S.C. at 79, 828 S.E.2d at 776 ("On appeal from the family court, the appellate court reviews factual and legal issues de novo."); *Stoney*, 422 S.C. at 595, 813 S.E.2d at 487 (explaining the de novo standard of review allows this court to make its own findings of fact but does not negate the superior position of the family court to assess witness credibility or relieve the appellant of the burden of showing that the preponderance of the evidence is against the family court's findings). As described above, the evidence supported a finding that Mother placed Child at a substantial risk of harm. Moreover, Child could not be safely returned to Mother's home at the time of the hearing based on Mother's acknowledgement that she was arrested for underage drinking in April and again in July 2023, did not disclose relevant mental health history to her counselor, engaged in a physical altercation with Maternal Grandmother in March 2023, and attempted to falsify drug test results around March 2023. Mother had also not addressed the space heater at the time of the hearing, did not believe she needed parenting classes, only recently obtained employment, and admitted to an "outburst" at the DSS office. At the time of the hearing, Child had been living with Paternal Grandparents since February 2023, and Mother acknowledged she was doing well in their care. Accordingly, we find granting Paternal Grandparents custody was in Child's best interest.

**AFFIRMED.**[3]

**THOMAS, HEWITT, and CURTIS, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.