**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The Estate of Fannie M. Champion, by Evelyn Champion Ludd, Personal Representative, Samuel Champion, Evelyn C. Ludd, Sarah C. Evans, Rachel C. Brown, Henry Champion, Jr., Janie M. Champion, Mary Johnson and John L. Champion, Appellants,

v.

Ronald L. Hallman, Marjorie J. Hallman, Elton J. Hallman, Conswalla E. Hallman, Oron J. Hallman, Hazelee C. Hallman, Edward G. Hamilton, Helen D. Hamilton, Edward E. Hamilton, Raymond Forbes Davenport, II, and Mary Ellen Davenport, Respondents.

Appellate Case No. 2021-001293

———

Appeal From Sumter County
R. Ferrell Cothran, Jr., Circuit Court Judge

———

Unpublished Opinion No. 2025-UP-285
Heard March 6, 2025 – Filed August 6, 2025

———

**AFFIRMED IN PART; DISMISSED**
**AS MOOT IN PART**

———

Dwight Christopher Moore of Moore Law Firm, LLC of Sumter, for Appellants.

Thomas E. Player, Jr., of Player & McMillan, LLC, of Sumter, for Respondents Edward G. Hamilton, Helen D. Hamilton, and Edward E. Hamilton.

Richard C. Jones, of Jones Seth & Jones, LLP, of Sumter, for Respondent Raymond Forbes Davenport, II, and Mary Ellen Davenport.

Jack W. Erter, Jr., and David Cornwell Holler, of Smith Robinson Holler DuBose Morgan, LLC, of Sumter, for Respondents Ronald L. Hallman, Marjori J. Hallman, Elton J. Hallman, Conswalla E. Hallman, Oron J. Hallman, and Hazelee C. Hallman.

**PER CURIAM:** This appeal arises from a dispute over a privately maintained dirt road providing access to the Shingle Mill community in rural Sumter County. In 2017, the parties settled their 2008 lawsuit involving allegations of trespass related to an easement for ingress and egress that has existed as far back as 1872 (and perhaps before that).[1] Following a contested hearing in 2019, the circuit court ordered the parties to take certain steps necessary to finalize their 2017 settlement. In this order (the 2019 Final Order)—which no party appealed—the circuit court provided a two-year "Construction Period" for the parties to complete the required land swap and relocate the access roadway.

The ordered steps necessary to consummate the settlement did not occur. Thus, in June 2020, Respondents moved to enforce the 2019 Final Order; they further sought a temporary restraining order to address their access to the ordered easement. Respondents also requested the vesting of title under Rule 70, SCRCP and other findings necessary for compliance with the 2019 Final Order. On July 10, 2020, the circuit court granted a temporary injunction prohibiting all persons from obstructing any other party from using Shingle Mill Road.

Appellants opposed Respondents' 2020 requests and filed their own motions to dissolve the temporary injunction, implead adjoining landowners, and vacate the

---

[1] The case was called to trial in April 2017, and Respondents were prepared to present their witnesses and other evidence. Instead, the parties settled and placed their agreement on the record before the Honorable R. Ferrell Cothran, Jr.

2019 Final Order memorializing the parties' settlement and ordering the steps necessary to conclude the litigation.

On September 15, 2021, the circuit court granted Respondents' motion to enforce the 2019 Final Order and entered judgment addressing the requested findings and vesting of title. Following Appellants' motion to alter or amend, the circuit court entered a Form 4 order ending the case, checking the box to indicate "[t]his action came to a trial or hearing before the court" and "[t]he issues have been tried or heard and a decision rendered." An amended Form 4 order followed.

Appellants timely appealed the circuit court's 2021 orders denying their requested relief and granting Respondents' motions to enforce the terms of the 2019 Final Order. Respondents assert the circuit court's orders are correct on the merits, that Appellants' requests were untimely, that no proper Rule 60(b), SCRCP relief was requested before the circuit court, and that the circuit court's 2019 Final Order is now the law of the case.

Shortly after filing their notice of appeal, Appellants filed a motion addressing their appeal bond and the "filing of executed conveyances to stay judgment during appeal." In a March 2022 Form 4 order, the circuit court denied Appellants' motion to alter or amend the "cash surety," and further found, "The deeds have already been recorded pursuant to the Court Order; therefore, the issue of bond is moot as the bond would have stayed the order."

We affirm the circuit court's orders pursuant to Rule 220(b), SCACR and the following authorities:

1. The circuit court did not err in finding the plain and unambiguous language of the 2019 Final Order required specific performance by Appellants within the two-year Construction Period. As noted above, no party appealed the 2019 Final Order memorializing the settlement and ordering the parties to take certain steps, including land and deed swaps, necessary to finalize the road's location. Thus, the 2019 Final Order is the law of the case. *See Shirley's Iron Works, Inc. v. City of Union*, 403 S.C. 560, 573, 743 S.E.2d 778, 785 (2013) ("An unappealed ruling is the law of the case and requires affirmance.").

2. The circuit court did not err in granting Respondents' motion to enforce the 2019 Final Order or in addressing the "specific acts" and vesting of title under Rule 70, SCRCP. Rule 70 provides, in pertinent part:

If a judgment directs a party to execute a conveyance of land or to deliver deeds or other documents or to perform any other specific act and the party fails to comply within the time specified, the court may direct the act to be done at the cost of the disobedient party by some other person appointed by the court and the act when so done has like effect as if done by the party. On application of the party entitled to performance, the court may issue a writ of attachment or sequestration against the property of the disobedient party to compel obedience to the judgment. The court may also in proper cases adjudge the party in contempt. If real or personal property is within the state, the court in lieu of directing a conveyance thereof may enter a judgment divesting the title of any party and vesting it in others and such judgment has the effect of a conveyance executed in due form of law.

The following provisions are included among the terms of the 2019 Final Order:

3. Plaintiffs shall, to the extent each may have a financial interest in the subject property, convey to Defendants a Fifty (50) foot non-exclusive easement in perpetuity of ingress and egress across certain real property as described in Parcel A and shown on the LAND SWAP plat. Defendants shall immediately be entitled to use and maintain the easement in its current location, provided however, that within a period of time not to exceed two (2) years from the date of this Agreement, Defendants shall maintain the traveled portion of the roadway as far as practicable away from the residence of Evelyn C. Ludd. Nothing in this Agreement shall prevent Plaintiffs, at any time and at their own expense, from maintaining and moving the traveled portion of the roadway further away from the Ludd residence, provided however, that such conduct does not interfere with Defendants['] right to quiet use, enjoyment and maintenance.

4. Plaintiffs shall, to the extent each may have a financial interest in the subject property, convey in fee simple certain real property consisting of several tracts of land equaling 0.96 acres and more fully described as Parcel B

in the LAND SWAP plat to Defendants; and in exchange Defendants shall, to the extent each may have a financial interest in the subject property, convey in fee simple certain real property consisting of several tracts of land equaling 0.97 acres and more fully described as Parcel C in the LAND SWAP plat to Plaintiffs. Both fee simple properties are also shown on the LAND SWAP plat.

5. Defendants shall, within a time period not to exceed two (2) years [hereinafter "Construction Period"] from the date of this Agreement, take all necessary action to clear and construct a private exclusive roadway for the purpose of ingress and egress to their real property along Parcel B. Upon completion of the private exclusive roadway along Parcel B, and subject to the Fifty (50) foot non-exclusive easement in perpetuity of ingress and egress across certain real property as described in Parcel A and shown on the LAND SWAP plat[,] Defendants shall no longer use that portion of Shingle Mill Road (Shingle Mill current situs) that transverses through the center of Plaintiffs' real property.

Appellants' argument that Respondents' failure to complete construction of the roadway within two years of the 2017 settlement is meritless because it ignores the circuit court's predicate requirement that Appellants convey an easement over Tract A to Respondents and complete the necessary land swap.[2] Had Respondents attempted to remove trees or construct the new roadway before Appellants complied with these provisions, they would have been traveling outside the historical confines of Shingle Mill Road (and, arguably, trespassing). It appears Appellants refused to acknowledge the requirements of the 2017 settlement and 2019 Final Order until Respondents' 2020 request for Rule 70 relief. And, rather than comply with the 2019 Final Order and Rules of Civil Procedure, Appellants sought to vacate the settlement and add adjacent landowners to the litigation.

---

[2] At oral argument, Respondents echoed the circuit court's 2022 order noting the deeds had been conveyed. With respect to any question addressing these deeds, counsel explained, "It is moot. Those roads in tract B and C were long done. They didn't really involve major construction. In this type of land, taking out a massive oak or massive pine, that's the expense."

Contrary to Appellants' claims, the 2019 Final Order is not a contract, nor is it a "settlement agreement."  The record establishes Appellants refused to consent to the language of an order memorializing the 2017 settlement for more than two years after placing the settlement on the record in open court.  And, we note the settlement was reached to avoid the trial of a case called some nine years after Appellants filed their complaint.[3]  Following the contested hearing, the circuit court issued the 2019 Final Order, which Appellants neither moved to alter or amend nor appealed.

Accordingly, for the reasons set forth above, the circuit court did not err in declining the relief requested by Appellants, in entering the now-expired temporary injunctive relief, or in granting Respondents' Rule 70 motion.[4]  *See Lanier v. Lanier*, 364 S.C. 211, 215-16, 612 S.E.2d 456, 458 (Ct. App. 2005) ("The decision to grant or deny a motion under Rule 60(b) is within the sound discretion of the trial court." (quoting *Bowman v. Bowman*, 357 S.C. 146, 151, 591 S.E.2d 654, 656 (Ct. App. 2004))); *Perry v. Heirs at L. of Gadsden*, 357 S.C. 42, 47, 590 S.E.2d 502, 504 (Ct. App. 2003) ("On review, we are limited to determining whether the trial court abused its discretion in granting or denying such a motion.").

For these reasons, the order of the circuit court is affirmed.  The appeal is dismissed as to the matters deemed moot.

**AFFIRMED IN PART; DISMISSED AS MOOT IN PART.**

**WILLIAMS, C.J., and MCDONALD and TURNER, JJ., concur.**

---

[3] This case was referred to the master in 2009, stricken from the active roster in 2014, restored to the active roster in January 2015, and transferred back to circuit court in December 2015.

[4] *See Zabinski v. Bright Acres Assocs.*, 346 S.C. 580, 602, 553 S.E.2d 110, 121 (2001) (recognizing "Rule 65(b), SCRCP states that an ex parte [temporary restraining order (TRO)] will expire in ten days"; thus, the temporary restraining order at issue had expired as a matter of law, and any remaining issues involving the expired TRO were moot).